UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>             Plaintiffs,<br><br>v.<br><br>KALSHIEX LLC,<br><br>           Defendants. | No.<br><br>NOTICE OF REMOVAL TO FEDERAL COURT<br><br>[CLERK'S ACTION REQUIRED]<br><br>[*King County Superior Court No. 26-2-10264-3  SEA*] |

TO:          THE CLERK OF THE COURT

AND TO:      STATE OF WASHINGTON, PLAINTIFF

Defendant KalshiEX LLC ("Kalshi"), by and through its undersigned counsel, hereby removes the above-captioned action (the "Action") from King County Superior Court, Case No. 26-2-10264-3 SEA, to the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §§ 1331 and 1441.  This Court has federal question jurisdiction over this Action under 28 U.S.C. § 1331.

By filing this Notice of Removal, Kalshi does not waive any defenses it has to this action whether in state or federal court, including, but not limited to, improper service of process and/or lack of personal jurisdiction.  Kalshi reserves the right to amend or supplement this Notice of Removal.

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

In support of this Notice of Removal, Kalshi states as follows:

## I.       BACKGROUND

### A.       Defendant

1.       Kalshi is a financial services company that operates a federally regulated derivatives exchange where users can buy and sell financial products known as event contracts, a type of "swap" that references an "excluded commodity" within the meaning of the Commodity Exchange Act of 1936, 7 U.S.C. §§ 1a(19)(iv), 1a(47)(A)(ii) (the "CEA").  Kalshi's exchange is subject to exclusive federal jurisdiction as a designated contract market ("DCM") by the Commodity Futures Trading Commission ("CFTC") pursuant to the CEA, 7 U.S.C. § 2(a)(1)(A).

### B.       Summary of the Complaint

2.       On March 27, 2026, the State of Washington, through the Attorney General's Office, Consumer Protection Division ("Plaintiff"), filed a Complaint for Injunctive and Other Relief against Kalshi in King County Superior Court.  A copy of that Complaint is attached hereto as Exhibit 1.

3.       Plaintiff purports to state claims against Kalshi under Washington's Consumer Protection Act, RCW 19.86, Washington's Gambling Act, RCW 9.46, and the Recovery of Money Lost at Gambling Act, RCW 4.24.070—for hosting and trading *federally regulated* event contracts subject to the CFTC's exclusive jurisdiction.

4.       Washington claims that Kalshi is engaging in illegal gambling as defined under the Washington Gambling Act, RCW 9.46, including "professional gambling" under RCW 9.46.0269 and illegal transmission of "gambling information" via the internet under RCW 9.46.240.  Plaintiff alleges that by offering event contracts on its DCM without authorization under Washington law, Kalshi is violating Washington's gambling statutes.  RCW 9.46.010 *et seq.*

5.       As relief, Plaintiff seeks (i) a declaratory judgment decreeing Kalshi's operations in Washington to be unlawful gambling; (ii) a permanent injunction enjoining Kalshi from

NOTICE OF REMOVAL TO FEDERAL COURT     - 2

continuing or resuming the alleged unlawful conduct; (iii) restitution and disgorgement of money or property; (iv) civil penalties under RCW 19.86.140; (v) recovery of money Washingtonians lost at gambling under RCW 4.24.070; and (vi) attorneys' fees and costs.  Ex. 1 at 19-20.

6.      Kalshi has not yet been served with the Complaint.  Accordingly, Kalshi's time to respond to the Complaint by answer or motion has not expired, and Kalshi has not served or filed an answer or motion.

### C.      Kalshi Is Already Litigating Identical Issues in Federal Court

7.      This Action raises issues of federal law that are substantially similar to the issues that Kalshi has been litigating in federal courts across the country, including in district courts within the Ninth Circuit, since March 2025.  *E.g.*, *KalshiEX, LLC v. Hendrick*, No. 25-cv-00575 (D. Nev.).  Appeals relating to similar issues are pending in the Third, Fourth, Sixth, and Ninth Circuits.  *KalshiEX LLC v. Flaherty*, No. 25-1922 (3d Cir.); *KalshiEX LLC v. Martin*, No. 25-1892 (4th Cir.); *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir.); *KalshiEX LLC v. Orgel*, No. 26-5235 (6th Cir.); *KalshiEX, LLC v. Hendrick*, No. 25-7516 (9th Cir.).

8.      Plaintiff filed its Complaint against Kalshi with no warning or dialogue.  Plaintiff's rush to file this Action ignores that whether the CEA preempts state gaming regulations "raise[s] serious questions," *KalshiEX, LLC v. Hendrick*, No. 2:25-CV-00575, 2025 WL 3286282, at *12 (D. Nev. Nov. 24, 2025), that are currently before multiple federal courts of appeals.

9.      These serious questions have divided the federal courts.  *See KalshiEX LLC v. Flaherty*, No. 25-cv-2152, 2025 WL 1218313, at *6-8 (D.N.J. Apr. 28, 2025) (holding state law preempted and granting preliminary injunction in Kalshi's favor); *Blue Lake Rancheria v. Kalshi Inc.*, No. 25-cv-6162, 2025 WL 3141202, at *7 (N.D. Cal. Nov. 10, 2025) (rejecting argument that Kalshi's event contracts are unlawful gambling); *KalshiEX LLC v. Orgel*, No. 3:26-cv-00034, 2026 WL 474869, at *7 (M.D. Tenn. Feb. 19, 2026) (finding "that Kalshi is likely to succeed on the merits because sports event contracts are 'swaps' and conflict preemption applies."); *but see*

NOTICE OF REMOVAL TO FEDERAL COURT      - 3

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

*Hendrick*, 2025 WL 3286282, at \*14 (dissolving preliminary injunction); *KalshiEX LLC v. Schuler*, 2026 WL 657004, at \*10 (S.D. Ohio Mar. 9, 2026) (denying preliminary injunction).

## I.   REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1441

10.   Under 28 U.S.C. § 1441, any civil action filed in state court over which a federal court has original jurisdiction may be removed to the federal district court for the district in which the state court action is pending.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims require the adjudication of federal-law issues that are "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 568 U.S. 251, 258 (2013); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005).

11.   ***Federal law is necessarily raised.***  Plaintiff's claims require proof that the event contracts at issue are "illegal gambling," which necessarily raises substantial and disputed federal-law issues.  Plaintiff alleges that Kalshi engages in "Illegal Gambling Activities" in violation of Washington's Consumer Protection Act (Count One) and Recovery of Money Lost at Gambling Act (Count Two).  Because Washington's statutes only reach "illegal" gambling activities, both claims require Plaintiff to establish that Kalshi's contracts were "illegal" under federal law.  *E.g.*, RCW 4.24.070 (applies to "any illegal gambling games").  This necessarily raises a federal issue because Kalshi's contracts are expressly permitted by federal law and regulated by the CFTC.

12.   Washington's statute defining gambling underscores that a federal question is necessarily raised.  RCW 9.46.0237 defines "gambling" as "staking or risking something of value upon the outcome of a contest of chance or a future contingent event not under the person's control or influence, upon an agreement or understanding that the person or someone else will receive something of value in the event of a certain outcome."  But gambling does not include "bona fide business transactions valid under the law of contracts, including, but not limited to, contracts for

NOTICE OF REMOVAL TO FEDERAL COURT    - 4

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the purchase or sale at a future date of securities or commodities" from the definition of "gambling". *Id*. This necessarily raises a federal issue because Kalshi's event contracts are commodities, subject to the exclusive jurisdiction of the CFTC under federal law.

13. Washington further alleges that Kalshi is engaged in "professional gambling," which is defined to include accepting "***wagers*** exceeding five thousand dollars during any thirty-day period on future contingent events," as well as "bookmaking," which is defined as "accepting ***bets***, upon the outcome of future contingent events, as a business or in which the bettor is charged a fee or 'vigorish' for the opportunity to place a bet." RCW 9.46.220-222, 9.46.0213 (emphases added). "Bets" and "wagers" are not expressly defined under Washington law, but they are defined in the Unlawful Internet Gambling Enforcement Act of 2006 ("UIGEA"), 31 U.S.C. § 5361 *et seq*., a federal statute, directly on point here, which defines unlawful internet gambling in interstate commerce as "plac[ing], receiv[ing], or otherwise knowingly transmit[ting] a bet or wager by any means which involves the use, at least in part, of the Internet where such bet or wager is unlawful under any applicable Federal or State law in the State or Tribal lands in which the bet or wager is initiated, received, or otherwise made." 31 U.S.C. § 5362(10). However, UIGEA explicitly excludes from the definition of "bet or wager" any "transaction conducted on . . . a registered entity . . . under the Commodity Exchange Act." 31 U.S.C. § 5362(1)(E)(ii). As a DCM, Kalshi is a registered entity under the CEA. Washington cannot demonstrate that event contracts traded in interstate commerce constitute bets or wagers for the purposes of RCW 9.46.220-222 and 9.46.0213 without the Court construing UIGEA. *See, e.g., Rousso v. State*, 239 P.3d 1084, 1088, 170 Wash. 2d 70, 77 (Wash. 2010) ("Nowhere does the UIGEA permit the states to regulate gambling activities outside their borders . . . [nor does] the Wire Act . . . Congress has not delegated to the states its authority to regulate interstate Internet gambling. .")

14. Thus, if "gambling" under Washington law were construed to encompass transactions conducted on a registered DCM, such an interpretation would be inconsistent with

NOTICE OF REMOVAL TO FEDERAL COURT    - 5

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

UIGEA and federal law governing DCMs.  Resolving Plaintiff's claims therefore "necessarily depends on the application of" UIGEA and the scope of its carve-out for DCM transactions.  *Cf. Ga. Gambling Recovery LLC v. Kalshi Inc.*, No. 4:25-cv-310, 2026 WL 279375, at *3-4 (M.D. Ga. Feb. 3, 2026) (denying motion to remand suit against Kalshi where plaintiff's claims required resolution of disputed federal questions concerning CEA and CFTC jurisdiction).

15.     ***Federal law is disputed.***  The federal legal issues in this action are substantially similar to those actively in dispute in federal courts across the country.  *See supra* ¶¶ 7-9. Ultimately, whether trading event contracts on a federally regulated DCM is conduct subject to Washington gambling and consumer protection laws is "the central point of dispute" in this Action. *Gunn*, 568 U.S. at 259.

16.     ***The federal question is substantial.***  The question raised under federal law is substantial, as Plaintiff's claims allege that a federally regulated DCM like Kalshi must comply with Washington gambling and consumer protection laws.  In order for Plaintiff to succeed on these claims, the court must adopt a narrow interpretation of the CEA's grant of exclusive jurisdiction to the CFTC.  *See Gunn*, 568 U.S. at 261 (explaining that a question is substantial where, for example, it calls into question the validity of a federal statute).

17.     ***Capable of resolution without disrupting the federal-state balance.***  This Court is best positioned to resolve the issue of whether Kalshi's business is authorized by federal law and, therefore, subject to exclusive federal regulation, or whether any Washington licensing or compliance is required.  *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 355-56, 386 n.81 (1982) (the CFTC has "exclusive jurisdiction over commodity futures trading"); *In re Int. Rate Swaps Antitrust Litig.*, 261 F. Supp. 3d 430, 445 (S.D.N.Y. 2017) (explaining that the CEA was amended in 2010 to "establish a comprehensive new regulatory framework for swaps" and the CFTC was "vested . . . with exclusive jurisdiction to implement that framework"). Such a resolution by this Court, therefore, will not disrupt the federal-state balance but will instead

NOTICE OF REMOVAL TO FEDERAL COURT     - 6

reinforce the harmonious application of federal and state laws, consistent with the Supremacy Clause.  U.S. Const. art. VI.

## II.   KALSHI MEETS THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

18.   Washington filed the Complaint on March 27, 2026, and Kalshi learned of the filing on the same day.  Removal is timely because Kalshi has not yet been served with the Complaint. 28 U.S.C. § 1446(b)(1) and (c)(1); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

19.   Venue is proper pursuant to 28 U.S.C. §§ 128, 1441(a), and 1446(a) because the United States District Court for the Western District of Washington is the federal judicial district court embracing King County Superior Court, where the Complaint was filed.

20.   In accordance with 28 U.S.C. § 1446(d), written notice of this Notice of Removal will be promptly provided to Plaintiff and filed with King County Superior Court.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 2.

21.   No previous application has been made for the relief requested in this Notice of Removal.

## CONCLUSION

WHEREFORE, Kalshi respectfully requests that the Action be removed from King County Superior Court to the United States District Court for the Western District of Washington, and that this Court accept jurisdiction of the case.  If any question arises as to the propriety of the removal of this action, Kalshi respectfully requests the opportunity to present oral argument in support of its position that the Action is removable.

///

///

NOTICE OF REMOVAL TO FEDERAL COURT     - 7

CORR CRONIN LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DATED this 27th day of March, 2026.


CORR CRONIN LLP


s/ Steven W. Fogg
Steven W. Fogg, WSBA No. 23528
1015 Second Avenue, Floor 10
Seattle, WA  98104-1001
Ph: (206) 625-8600
sfogg@corrcronin.com

MILBANK LLP

NEAL KUMAR KATYAL (*Pro hac vice* forthcoming)
JOSHUA B. STERLING (*Pro hac vice* forthcoming)
WILLIAM E. HAVEMANN (*Pro hac vice* forthcoming)
GRANT R. MAINLAND (*Pro hac vice* forthcoming)
ANDREW L. PORTER (*Pro hac vice* forthcoming)

*Attorneys for Defendant KalshiEX LLC*

NOTICE OF REMOVAL TO FEDERAL COURT    - 8