The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Plaintiff,<br><br>    v.<br><br>KALSHIEX, LLC,<br><br>                Defendant. | NO. 2:26−cv−01062−JCC<br><br>PLAINTIFF STATE OF WASHINGTON'S MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR:<br>Monday, May 4, 2026<br><br>[*King County Superior Court No. 26-2-10264-3 SEA*] |

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................... 3

      A.   Washington Law Comprehensively Regulates Gambling ....................... 3

      B.   Kalshi Offers Illegal Gambling Activities in Washington ...................... 4

      C.   Washington Sued Kalshi for Violations of Washington Law ................. 5

      D.   Kalshi's Repeated Attempts to Remove State-Law Claims Have Been
           Unsuccessful .......................................................................................... 5

III.  ARGUMENT ...................................................................................................... 6

      A.   Removal is Improper Under 28 U.S.C. § 1441 ...................................... 6

           1.   Legal standard ............................................................................... 6

           2.   The Complaint does not raise any federal law issues .................... 8

           3.   Removal would upset the federal-state balance approved by Congress .......... 12

      B.   Removal is Improper Under 28 U.S.C. § 1442(a) ................................. 13

           1.   Removal is improper under 28 U.S.C § 1442(a)(1) ...................... 13

           2.   Removal is improper under 28 U.S.C § 1442(a)(2) ...................... 15

      C.   The Court Should Award the State its Costs and Attorneys' Fees ......... 17

IV.   CONCLUSION ................................................................................................. 18

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - i

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Ah Sin v. Wittman*,
198 U.S. 500 (1905)............................................................................................................... 12

*Beneficial Nat'l Bank v. Anderson*,
539 U.S. 1 (2003)................................................................................................................. 7

*Carney v. Washington*,
551 F. Supp. 3d 1042 (W.D. Wash. 2021) ......................................................................... 17

*Caterpillar Inc. v. Williams*,
482 U.S. 386 (1987).............................................................................................................. 8

*Fidelitad, Inc. v. Insitu, Inc.*,
904 F.3d 1095 (9th Cir. 2018) ............................................................................................ 14

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,
463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)...................................................... 8, 18

*Gaus v. Miles, Inc.*,
980 F.2d 564 (9th Cir. 1992) ............................................................................................... 8

*Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*,
599 F.3d 1102 (9th Cir. 2010) ............................................................................................. 7

*Georgia Gambling Recovery LLC v. Kalshi Inc.*,
No. 4:25-cv-310, 2026 WL 279375 (M.D. Ga. Feb. 3, 2026)......................................... 2, 6

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*,
545 U.S. 308 (2005).............................................................................................................. 7

*Greater New Orleans Broad. Ass'n, Inc. v. United States*,
527 U.S. 173 (1999)............................................................................................................ 12

*Gunn v. Minton*,
568 U.S. 251 (2013).............................................................................................................. 7

*Hunter v. Philip Morris USA*,
582 F.3d 1039 (9th Cir. 2009) ............................................................................................. 7

*Internet Cmty. & Entm't Corp. v. Washington State Gambling Com'n*,
169 Wash. 2d 687 (2010).................................................................................................... 10

*Kater v. Churchill Downs Inc.*,
886 F.3d 784 (9th Cir. 2018) .......................................................................................... 9, 11

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - ii

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

*Kentucky Gambling Recovery LLC v. Kalshi Inc.*,
No. 3:25-cv-00054, 2026 WL 596107 (E.D. Ky. Mar. 4, 2026) .......................................... 2, 6

*Larsen v. PTT, LLC*,
737 F. Supp. 3d 1076 (W.D. Wash. 2024) ........................................................... 9, 11

*Louisville & Nashville R. Co. v. Mottley*,
211 U.S. 149 (1908) ............................................................................................ 7

*Massachusetts v. KalshiEX LLC*,
No. 1:25-cv-12595 (D. Mass. Oct. 28, 2025) ................................................... 1, 2, 6

*Mfrs. & Traders Tr. Co. v. Fidelity Nat'l Title Ins. Co.*,
No. 3:12-cv-00744-AA, 2012 WL 5462887 (D. Or. Nov. 4, 2012) ..................................... 16

*Moore-Thomas v. Alaska Airlines, Inc.*,
553 F.3d 1241 (9th Cir. 2009) ................................................................................ 8

*Murphy v. Nat'l Collegiate Athletic Ass'n*,
584 U.S. 453 (2018) ........................................................................................... 12

*Negrete v. City of Oakland*,
46 F.4th 811 (9th Cir. 2022) ............................................................................ 2, 11

*Nevada v. Bank of Am. Corp.*,
672 F.3d 661 (9th Cir. 2012) ................................................................................ 12

*Newtok Vill. v. Patrick*,
21 F.4th 608 (9th Cir. 2021) .................................................................................. 7

*Ohio Gambling Recovery, LLC v. Kalshi Inc.*,
No. 4:25-cv-1573, 2026 WL 865788 (N.D. Ohio Mar. 30, 2026) ..................................... 2, 6

*Rousso v. State*,
170 Wash. 2d 70 (2010) ................................................................................... 3, 11

*Royal Canin U.S.A., Inc. v. Wullschleger*,
604 U.S. 22 (2025) .............................................................................................. 7

*St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*,
809 F. Supp. 2d 524 (E.D. La. 2011) ...................................................................... 15

*State ex rel. Schafer v. Spokane*,
109 Wash. 360 (1920) .......................................................................................... 3

*State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*,
No. 2:26-cv-00406, 2026 WL 579364 (D. Nev. Mar. 2, 2026) ................................... passim

*State of Nevada ex rel. Nevada Gaming Control Board, v. Blockratize Inc.*,
No. 3:26-cv-00089 (D. Nev. Mar. 2, 2026) ................................................................. 2

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - iii

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

*Syngenta Crop Protection, Inc. v. Henson,*
537 U.S. 28, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002)...............................................................8

*Veneruso v. Mount Vernon Neighborhood Health Ctr.,*
586 F. App'x 604 (2d Cir. 2014) ...................................................................................... 15, 17

*Washington v. CLA Estate Servs., Inc.,*
No. C18-480 MJP, 2018 WL 2057903 (W.D. Wash. May 3, 2018) .................................. 8, 17

*Washington v. Facebook, Inc.,*
No. C18-1031JLR, 2018 WL 5617145 (W.D. Wash. Oct. 30, 2018) ......................................8

*Washington v. Nat'l Maintenance Contractors, LLC,*
No. 2:21-cv-638-BJR, 2021 WL 3886833 (W.D. Wash. Aug. 31, 2021) .......................... 8, 18

*Watson v. Philip Morris Cos, Inc.,*
551 U.S. 142 (2007)..............................................................................................................17

*Watson v. Philip Morris Cos., Inc.,*
551 U.S. 142 (2007)..............................................................................................................13

### Statutes

28 U.S.C § 1442(a)(1).............................................................................................................13

28 U.S.C § 1442(a)(2).............................................................................................................15

28 U.S.C. § 1331......................................................................................................................6

28 U.S.C. § 1441................................................................................................................. 1, 6

28 U.S.C. § 1441(a) .................................................................................................................6

28 U.S.C. § 1442(a)(1) and (2) ........................................................................................... 1, 13

28 U.S.C. § 1442(a)(2).............................................................................................................15

28 U.S.C. § 1447(c) ....................................................................................................... 3, 17, 18

28 U.S.C. § 1447(d) .................................................................................................................13

Gambling Act, Wash. Rev. Code § 9.46....................................................................................3

Under 28 U.S.C. § 1442(a) ......................................................................................................13

Wash. Rev. Code § 19.86 .........................................................................................................5

Wash. Rev. Code § 19.86.080(1)..............................................................................................5

Wash. Rev. Code § 21.30.010(09)...........................................................................................10

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - iv

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Wash. Rev. Code § 4.24.070 ........................................................................................... 5, 9

Wash. Rev. Code § 9.46 ..................................................................................................... 5

Wash. Rev. Code § 9.46.010 ............................................................................................. 4

Wash. Rev. Code § 9.46.0237 .......................................................................................... 9

Wash. Rev. Code § 9.46.240 ............................................................................................. 3

Washington State Const. art. II, § 24; Wash. Rev. Code § 9.46.010 ........................................ 3

**Rules**

Wash. Super. Ct. Civ. R. 19 ............................................................................................. 14

Wash. Super. Ct. Civ. R. 65(d) ........................................................................................ 15

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - v

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

## I.    INTRODUCTION

The Washington Attorney General brought this state enforcement action to enjoin Defendant KalshiEX, LLC (Kalshi) from offering illegal online gambling in Washington state, in violation of state law. *See* Dkt. 4, Ex. 1 (Complaint). Nonetheless, Kalshi immediately removed the case to federal court, claiming that Plaintiff's state law claims "require the adjudication of federal-law issues" under 28 U.S.C. § 1441, and that federal officer removal is warranted under 28 U.S.C. § 1442(a)(1) and (2). Amended Notice of Removal, Dkt. 3. ("Am. Notice"). This is wrong, and Kalshi knows it.

Kalshi is fighting state attorneys general, state gambling regulators, and private plaintiffs nationwide in both federal and state courts. In each case, Kalshi is asserting preemption—specifically, that the Commodity Exchange Act (CEA) preempts state gambling laws. But it is well-established that preemption does not provide a legitimate basis for removal of state court proceedings to federal courts. Kalshi, accordingly, has adopted a two-pronged strategy of (1) preemptively filing declaratory judgment actions in federal courts, and (2) as here, removing state court actions on the basis of ever-evolving and increasingly strained removal arguments that have been soundly rejected.

Courts have rejected Kalshi's arguments that removal is proper on the basis of federal question, complete preemption, and federal officer removal—variations of the same arguments Kalshi makes here. *See State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*, No. 2:26-cv-00406, 2026 WL 579364 (D. Nev. Mar. 2, 2026) (granting remand); *Massachusetts v. KalshiEX LLC*, No. 1:25-cv-12595 (D. Mass. Oct. 28, 2025) (Dkt. 34) (same); *Kentucky Gambling Recovery LLC v. Kalshi Inc.*, No. 3:25-cv-00054, 2026 WL 596107 (E.D.

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Ky. Mar. 4, 2026) (same); *Ohio Gambling Recovery, LLC v. Kalshi Inc.*, No. 4:25-cv-1573, 2026 WL 865788 (N.D. Ohio Mar. 30, 2026) (same). Kalshi's business competitor, Polymarket, similarly sought to remove state law claims alleging illegal gambling activities on federal question and federal officer grounds and was remanded. *See State of Nevada ex rel. Nevada Gaming Control Board, v. Blockratize Inc.*, No. 3:26-cv-00089, Dkt. 41 (D. Nev. Mar. 2, 2026).

Indeed, only one court to date, *Georgia Gambling Recovery LLC v. Kalshi Inc.*, No. 4:25-cv-310, 2026 WL 279375 (M.D. Ga. Feb. 3, 2026), has allowed Kalshi to remove state gambling law violations to federal court. But the underlying Georgia statute in that case required the plaintiff to prove that the challenged contracts were illegal under federal law. The district court in *Nevada v. KalshiEX* distinguished *Georgia Gambling Recovery* because "the Nevada statutes at issue require no interpretation of federal law as the claims are that Kalshi's market offers sport and events-based contracts that are wagers subject to Nevada's gaming laws." 2026 WL 579364, at *3. Exactly the same is true of the Washington state statutes at issue in this case.

Accordingly, Kalshi's assertion that Plaintiff's state law claims raise "serious questions" that have "divided the federal courts" is inapposite, Am. Notice, ¶¶ 7-9, as none of the cases cited by Kalshi for this proposition involve its removal arguments. Rather, the cited decisions concern Kalshi's CEA preemption defense in the preliminary injunction context. But this is a "plain vanilla federal preemption defense, not a claim of complete preemption," and does not warrant removal to federal court. *Massachusetts v. KalshiEX LLC*, No. 1:25-cv-12595 (D. Mass. Oct. 28, 2025) (Dkt. 34); *see also Negrete v. City of Oakland*, 46 F.4th 811, 819-20 (9th Cir. 2022) ("it is now settled law that a federal defense to a state law cause of action cannot confer federal question jurisdiction").

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 2

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Against this backdrop, Kalshi understands its removal attempt is likely to fail. Yet Kalshi removed anyway because delay is profitable. The State is seeking a preliminary injunction in state court enjoining Kalshi from continuing to offer and advertise illegal gambling in Washington. Removal delays a decision on that motion, allowing Kalshi to continue to profit from violating Washington's gambling laws. Pursuant to 28 U.S.C. § 1447(c), the State respectfully moves the Court to remand this matter back to the King County Superior Court and award the State costs and attorney fees incurred as a result of Defendant's improper removal.

## II.    FACTUAL BACKGROUND

### A.    Washington Law Comprehensively Regulates Gambling

Washington's people, Legislature, and courts have long expressed concerns for the potential harms caused by gambling that the Legislature has plenary authority to prohibit or strictly limit. Washington State Const. art. II, § 24; Wash. Rev. Code § 9.46.010; *State ex rel. Schafer v. Spokane*, 109 Wash. 360, 362-63 (1920). In fact, as initially adopted in 1889, article II, section 24 of the Washington Constitution banned all gambling. It was not until 1973 that the Legislature, acting pursuant to a 1972 amendment to the Constitution, enacted the Gambling Act, Wash. Rev. Code § 9.46, which for the first time permitted some specifically limited forms of gambling activities under highly regulated circumstances.

The Gambling Act prohibits all online gambling in Washington state, including online sports wagering, bookmaking, professional gambling, and other gambling-related activities. Wash. Rev. Code § 9.46.240; *see Rousso v. State*, 170 Wash. 2d 70, 74-75 (2010) ("Internet gambling in the state of Washington is effectively banned" by Wash. Rev. Code § 9.46.240). The Gambling Act advances a two-fold policy: (1) to keep the criminal element out of gambling; and

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

(2) to promote the social welfare by "limiting the nature and scope of gambling activities and by strict regulation and control." Wash. Rev. Code § 9.46.010. In furtherance of this policy, the Legislature directed that "[a]ll factors incident to the activities authorized in [the Act] shall be closely controlled, and the provisions of [the Act] shall be liberally construed to achieve such end." *Id.*

**B.  Kalshi Offers Illegal Gambling Activities in Washington**

Kalshi operates an online betting platform that allows consumers nationwide, including in Washington, to purchase a "yes" or "no" position on the outcome of various events, including sporting events, elections, and even the number of measles cases in the country. Complaint ¶¶ 4.1-4.15. If the consumer bets correctly, they receive a payment. If not, they receive nothing. *Id.* ¶ 4.15. Orders and payments are transacted over the internet, using electronic accounts Kalshi maintains for bettors on its platform. *Id.* ¶ 4.12. Kalshi earns transaction fees when bettors place bets on its platforms. *Id.* ¶ 4.13. Kalshi calls the individual betting opportunities on its platform "event contracts," and refers to itself as a "prediction market."

Kalshi's platform launched in 2021, initially focusing on topics like inflation, the consumer price index, and macroeconomic benchmarks. *Id.* ¶ 4.2. At that time, Kalshi disavowed sports-based offerings. *Id.* In 2024, Kalshi added political events. *Id.* ¶ 4.2. Then, in January 2025, Kalshi added sporting events, which eclipsed all other platform activity. *Id.* ¶¶ 4.4-4.7. Kalshi later expanded its sports betting by offering bets on the total number of points scored (known to sports-bettors as "over/under" bets), the margin of victory ("spread" bets), and innumerable other non-final outcomes and combinations of outcomes ("proposition" bets and "parlays"). *Id.* ¶ 4.8.

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Kalshi's offerings have expanded over time, and now include, for example, so-called "mentions" betting, where users bet on whether public figures, media announcers, or others will say certain words during public appearances. *Id.* ¶ 4.4. Kalshi's advertising and marketing boasts that it has made it possible to bet on "everything." *Id.* ¶ 4.1.

**C.      Washington Sued Kalshi for Violations of Washington Law**

The Washington Attorney General sued Defendant Kalshi in the name of the State on March 27, 2026, in King County Superior Court. The State's claims against Kalshi arise under the Washington Consumer Protection Act (CPA), Wash. Rev. Code § 19.86 et seq., and Recovery of Money Lost at Gambling Act (RMLGA), Wash. Rev. Code § 4.24.070, and are rooted in Kalshi's underlying violations of the Gambling Act, Wash. Rev. Code § 9.46.

The State alleges that Kalshi violates the Gambling Act by engaging in illegal online gambling, sports wagering, bookmaking, and professional gambling, and by illegally keeping gambling records. Complaint ¶¶ 4.18-4.31. The State's allegations are based solely on Washington law, and Washington, through the Consumer Protection Division of the Washington Attorney General's Office, is the sole plaintiff in this matter, acting under the authority granted to the Attorney General under state law. Wash. Rev. Code § 19.86.080(1).

**D.      Kalshi's Repeated Attempts to Remove State-Law Claims Have Been Unsuccessful**

Over the past year, state regulators have attempted to rein in Kalshi's illegal gambling operations. Massachusetts, Nevada, Michigan, and Washington have lodged state gambling law and consumer protection claims against Kalshi in their respective state courts, while Kalshi has preemptively sued additional states in federal court. Kalshi immediately removed each of the state court actions. To date, Kalshi's removal arguments have been rejected by United States

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 5

District Courts for the District of Massachusetts and the District of Nevada, and a remand motion is currently pending in the Western District of Michigan (1:26-cv-00731). *See State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*, No. 2:26-CV-00406-MMD-MDC, 2026 WL 579364, at *1 (D. Nev. Mar. 2, 2026) (remanding to state court); *Massachusetts v. KalshiEX LLC*, No. 1:25-cv-12595 (D. Mass. Oct. 28, 2025) (Dkt. 34) (same).

Kalshi has also removed several private party actions alleging violations of state gambling laws. Two of these cases have already been remanded. *See Kentucky Gambling Recovery LLC v. Kalshi Inc.*, No. 3:25-cv-00054, 2026 WL 596107 (E.D. Ky. Mar. 4, 2026); *Ohio Gambling Recovery, LLC v. Kalshi Inc.*, No. 4:25-cv-1573, 2026 WL 865788 (N.D. Ohio Mar. 30, 2026). Only one court has declined to remand after removal by Kalshi of claims brought under state law. *See Georgia Gambling Recovery LLC v. Kalshi Inc.*, No. 4:25-cv-310, 2026 WL 279375 (M.D. Ga. Feb. 3, 2026). There, however, the state law at issue required the plaintiff to prove that the challenged contracts were illegal under federal law. *See Nevada v. KalshiEX*, 2026 WL 579364, at *3 (distinguishing *Georgia Gambling Recovery* on these grounds).

### III.    ARGUMENT

**A.      Removal is Improper Under 28 U.S.C. § 1441**

**1.      Legal standard**

A party to a civil action brought in state court may remove that action to federal court if the federal district court would have had original jurisdiction at the time of both commencement of the action and removal. *See* 28 U.S.C. § 1441(a). As relevant to Kalshi's argument here, a federal court has original jurisdiction over cases that arise under federal law. 28 U.S.C. § 1331. Determining whether a claim arises under federal law requires looking at the "'well pleaded'

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

allegations of the complaint and ignor[ing] potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "Thus, a defense that relies on . . . the pre-emptive effect of a federal statute, will not provide a basis for removal." *Id.* (citation omitted). Courts have recognized narrow exceptions to this well-pleaded complaint rule, including the complete preemption doctrine—which Kalshi has advanced in other removed cases but has abandoned here—and the substantial federal question doctrine. Under the substantial federal question doctrine, jurisdiction only arises if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Where "a claim finds its origins in state rather than federal law," only a "special and small category" of cases exists where substantial questions of federal law are inherently necessary elements of state law claims. *Gunn*, 568 U.S. at 258; *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (only on "rare occasions" does federal question jurisdiction exist for suits containing only state law claims). In the Ninth Circuit, a state law claim presents a federal question "only if it satisfies *both* the well-pleaded complaint rule *and* passes the [] significant federal issues test." *Newtok Vill. v. Patrick*, 21 F.4th 608, 619 (9th Cir. 2021) (cleaned up).

There is a strong presumption against removal, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Cir. 1992); *Washington v. Facebook, Inc.*, No. C18-1031JLR, 2018 WL 5617145, at *2 (W.D. Wash. Oct. 30, 2018). As this Court previously observed,

> [t]he Supreme Court has mandated strict construction of removal statutes, nowhere more so than when a state's action is brought in its own courts and removed to federal court. *See, e.g.*, *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002). "Considerations of comity" should make federal courts "reluctant to snatch cases which a State has brought from the courts of that State, unless some clear rule demands it." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21 n.22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

*Washington v. CLA Estate Servs., Inc.*, No. C18-480 MJP, 2018 WL 2057903, at *3 (W.D. Wash. May 3, 2018); *see also Washington v. Nat'l Maintenance Contractors*, *LLC*, No. 2:21-cv-638-BJR, 2021 WL 3886833, at *4 (W.D. Wash. Aug. 31, 2021).

The presumption against removal means that "the defendant always has the burden of establishing that removal is proper," including on this Motion. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

### 2.    The Complaint does not raise any federal law issues

The State's Complaint, filed in state court, asserts violations of Washington law. It makes no federal claims, cites no federal law, and raises no federal issues. Under the "well-pleaded complaint rule," remand to state court is therefore proper. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (plaintiffs can "avoid federal jurisdiction by exclusive reliance on state law"). Kalshi makes three meritless arguments otherwise.

First, Kalshi asserts that because the State has alleged violations of the RMLGA, which applies to "illegal gambling games," the State "must establish as part of its affirmative case that Kalshi's contracts constitute 'illegal' gambling—a determination that requires construing federal law." Am. Notice, ¶ 11. That is incorrect. Consideration of federal law will arise in the state

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 8

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

action only if Kalshi raises federal preemption as an affirmative defense. Nothing in the RMLGA, Wash. Rev. Code § 4.24.070, references federal or other non-Washington law.

Moreover, in construing the terms "illegal gambling" under the RMLGA, courts unsurprisingly look to state law: the Washington Gambling Act. Thus, in *Larsen v. PTT, LLC*, 737 F. Supp. 3d 1076, 1085 (W.D. Wash. 2024), this Court determined that social casino applications constituted "illegal gambling games" under the RMLGA by reference to Wash. Rev. Code § 9.46.0237 of the Gambling Act, which defines gambling. Contrary to Kalshi's assertion that the State must prove its gambling operations are "illegal" by reference to federal law, the *Larsen* court noted that, "[g]ambling is illegal in Washington unless specifically authorized by state law." *Id.*

Similarly, in *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 785-86 (9th Cir. 2018), the Ninth Circuit examined Wash. Rev. Code § 9.46.0237 to determine whether a virtual game platform "constitutes illegal gambling under Washington law" in violation of the RMLGA. There the court rejected defendant's reliance on cases interpreting "different state statutes, state definitions, and games," emphasizing that the analysis turns on "Washington's definition of an illegal gambling game." *Id.* at 787.

Second, Kalshi asserts that Wash. Rev. Code § 9.46.0237 raises a substantial question of federal law, focusing on a statutory exception to the definition of "gambling" for: "bona fide business transactions . . . including, but not limited to, contracts for the purchase or sale at a future date of securities or commodities." Relying on this exception, Kalshi asserts that the State's claims "require[] construing the federal question of whether Kalshi's event contracts qualify as contracts for the purchase or sale at a future date of . . . commodities' under federal

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 9

law." Am. Notice, ¶ 12. As with its first argument, Kalshi offers no explanation, other than its own *ipse dixit*, as to why this definitional exception requires reference to "federal law."

In fact, it does not. State law readily provides a definition for the term "commodity" as "any agricultural, grain, or livestock product or by-product, any metal or mineral . . . any gem or gemstone . . . any fuel . . . , any foreign currency, and all other goods, articles, products, or items of any kind." Wash. Rev. Code § 21.30.010(09). Moreover, the exception to "gambling" for certain commodities contracts will only arise if Kalshi raises it as an affirmative defense. It is not a necessary element of the State's claims and thus does not confer federal question jurisdiction.

Third, Kalshi argues that federal questions are necessarily raised because the Washington Gambling Act includes the terms "wagers" and "bets," which "are not expressly defined under Washington law, but . . . are addressed in the federal Unlawful Internet Gambling Enforcement Act (UIGEA)." Am. Notice, ¶ 13. This is nonsense. If the absence of a statutory definition in a state law was sufficient to raise an issue of federal law conferring federal subject matter jurisdiction, cases would never be heard in state courts again. Kalshi's theory upends basic jurisdictional principles. *See Geographic Expeditions*, 599 F.3d at 1107 (9th Cir. 2010) ("removal jurisdiction ousts state-court jurisdiction and must be rejected if there is any doubt as to the right of removal in the first instance").

Moreover, and unsurprisingly, Washington courts have repeatedly applied the Washington Gambling Act to "bets" and "wagers" without resorting to federal definitions, relying instead on Washington's own statutory framework and ordinary meaning. *See Internet Cmty. & Entm't Corp. v. Washington State Gambling Com'n,* 169 Wash. 2d 687, 693-94 (2010)

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 10

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

(interpreting "accepting bets" under the Gambling Act); *Larsen*, 737 F. Supp. 3d at 1084-85 (finding users were placing "wagers" with virtual currency); *Kater*, 886 F.3d at 787 (rejecting application of "different state statutes, state definitions, and games" when interpreting Washington gambling laws). The absence of an express statutory definition does not create a federal question.

In further support of this argument, Kalshi asserts that "Plaintiff cannot demonstrate that event contracts traded in interstate commerce constitute bets or wagers for purposes of its claims without construing UIGEA," relying upon the court's discussion of UIGEA and the federal Wire Act in *Rousso v. State*, 170 Wash. 2d 70, 77-78 (2010), a dormant Commerce Clause decision. Am. Notice ¶ 14. Contrary to Kalshi's characterization, however, *Rousso* noted that the UIGEA "clarifies that it does not alter any state gambling laws" and that the Wire Act "recognizes the states' authority to regulate the type of gambling permitted within its borders." *Id.* In fact, the court in *Rousso* held that "Washington has a legitimate and substantial state interest in addressing the effects of Internet gambling." *Id*. at 82, 91.

In summary, the insistence and zeal with which Kalshi invokes federal law *as a defense* is immaterial to whether the State's complaint raises federal issues. As the Nevada District Court recognized in remanding after Kalshi removed state gambling law claims: "[A] federal issue raised as an anticipated preemption defense is not sufficient to give rise to federal question jurisdiction." *State of Nevada v. KalshiEX, LLC*, 2026 WL 579364, at *3 (citing *Caterpillar*, 482 U.S. at 393); *see also Negrete*, 46 F.4th at 819-20.

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 11

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

**3.       Removal would upset the federal-state balance approved by Congress**

Even assuming the State's claims necessarily raise disputed and substantial questions of federal law, federal question removal here would disrupt the delicate federal-state balance approved by Congress. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("Even where a state law claim does necessarily turn on a substantial and disputed question of federal law, removal is subject to a 'possible veto' where exercising federal jurisdiction is not 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'"). In fact, even when states *rely* on violations of federal law to prove state consumer protection cases, principles of federalism caution against removal from state court to federal court. *Id.* at 676 ("Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald[] a potentially enormous shift of traditionally state cases into federal courts.'").

That concern is heightened where, as here, the state claims in question are based on violations of state gambling laws, a type of regulation historically and inarguably entrusted to the individual states.[1] As the Supreme Court has long recognized, the "suppression of gambling is concededly within the police powers of a state." *Ah Sin v. Wittman*, 198 U.S. 500, 505–06 (1905). And states have a longstanding recognized interest in reducing "the social costs associated with" gambling. *Greater New Orleans Broad. Ass'n, Inc. v. United States*, 527 U.S. 173, 185 (1999); *see also Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 484 (2018)

---

[1] Both the UIGEA and the CEA contain savings clauses expressly preserving application of state laws. *See* UIGEA, 31 U.S.C. § 5362(10)(A) ("unlawful Internet gambling" means placing bets or wagers "unlawful under any applicable Federal or State law . . . ."); CEA, 7 U.S.C. § 2(a)(1)(A) (except as expressly provided, "nothing contained in this section shall supersede or limit the jurisdiction at any time conferred on" the regulatory authorities or the courts of "any State.").

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 12

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

(recognizing the "coherent federal policy" of "respect[ing] the policy choices of the people of each State on the controversial issue of gambling"). Taking gambling regulation away from the State, where it has resided, uninterrupted, since the adoption of the Washington State Constitution in 1889, would necessarily and impermissibly disrupt the federal-state balance.

**B.      Removal is Improper Under 28 U.S.C. § 1442(a)**

In the alternative, Kalshi asserts extremely tenuous grounds for removal under the federal officer removal statute, 28 U.S.C. § 1442(a)(1) and (2), presumably because doing so provides it with an avenue for appeal that would not otherwise be available, thus serving its strategy of delay. *See* 28 U.S.C. § 1447(d). Indeed, this is precisely the strategy Kalshi pursued unsuccessfully in Nevada, where, after the court remanded, Kalshi filed an emergency motion to stay the remand order pending appeal that was denied. *Nevada v. KalshiEx*, 2026 WL 700039 (Mar. 12, 2026).

Kalshi notes that "[u]nlike the other removal statutes, which courts generally construe against removal, the federal officer removal statute is construed liberally," citing *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 147 (2007). Am. Notice ¶ 19. Liberal construction in this context, however, "is not limitless" and Kalshi's strained interpretations of federal officer removal pushes the statute beyond the limits of its "language, context, history, and purposes." *Watson*, 551 U.S. at 142.

**1.      Removal is improper under 28 U.S.C § 1442(a)(1)**

Subsection (a)(1) of 28 U.S.C. 1442 authorizes the removal of an action against "[t]he United States or any agency . . . of the United States . . . in an official or individual capacity, for or relating to any act under the color of such office . . . ." To invoke section 1442(a)(1) removal,

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 13

a state court defendant must show that there was a "causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims." *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018).

Here, Kalshi argues that removal is proper because a federal agency, the Commodity Futures Trading Commission (CFTC), is a "necessary party," the joinder of which would have created removal jurisdiction. Am. Notice ¶ 27. Kalshi cites no authority for the proposition that the failure to name a "necessary party" in a state court action confers removal jurisdiction on the federal courts. Indeed, Kalshi's remedy for such failure, if it existed, would be to file a motion to compel joinder *in the state court*.

Moreover, the CFTC is not a "necessary party." Kalshi made the identical argument in *Nevada v. KalshiEX*, 2026 WL 579364, at *5, where it asserted "removal would have been proper under Section 1442(a)(1) had the [State] named the CFTC, who is a necessary party to the [State]'s claim for declaratory and injunctive relief." There, as here, Kalshi contended that "the CFTC had claimed a substantial interest in the scope of its exclusive jurisdiction." *Id. See* Am. Notice ¶ 29 ("the CFTC has identified . . . a substantial interest in the scope of its exclusive jurisdiction"). The district court had little difficulty disposing of this argument, agreeing with Nevada that the state "is not trying to enforce Nevada gaming law—or any state law—against the CFTC, and the CFTC does not face any legal exposure from the relief sought." *Nevada*, 2026 WL 579364, at *6. Exactly the same is true of the State's claims here. *See* Complaint.

Kalshi also asserts that the State cannot obtain "complete relief" under Wash. Super. Ct. Civ. R. 19 ("CR 19"), and therefore must join the CFTC, because it seeks injunctive relief, under state law, against Kalshi "and all other persons acting . . . in concert or participation with

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 14

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Defendant." Am. Notice, ¶ 28 (quoting Complaint ¶ 7.4). The language taken from the Complaint, however, merely recites the standard for entering an injunction under Wash. Super. Ct. Civ. R. 65(d). Nor does Kalshi explain in what way the CFTC is acting "in concert" with it to offer and advertise illegal gambling in Washington. Nor do Kalshi's joinder arguments, based upon state civil rules, support removal in any event, as already discussed.

**2.      Removal is improper under 28 U.S.C § 1442(a)(2)**

In the alternative, Kalshi argues that removal is proper under 28 U.S.C. § 1442(a)(2), a "seldom-invoked federal-title-dispute removal provision." *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 F. App'x 604, 608 (2d Cir. 2014). To establish a right to removal under this statute, Kalshi must show both (1) that it is "[a] property holder whose title is derived from [a United States] officer" and (2) that the State's action "affects the validity of any law of the United States." Kalshi fails to satisfy either prong.

First, Kalshi claims that its "designation as a contract market under the CEA constitutes property derived from the CFTC." Am. Notice ¶ 19. This appears to be a wholly novel argument. Contrary to Kalshi's expansive reading, courts understand the statutory term "property" to refer to real property. *See St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 534 (E.D. La. 2011) (rejecting argument that party had a "property" right in a contract). The statutory language supports this interpretation, as it refers to a property holder whose "title" is derived from a federal officer. Thus, in *St. Bernard Port*, the District Court held that the plain language of the statute foreclosed the argument that a party had a property right in a contract, reasoning: "Use of the term 'title' implies that the statute applies only to real property and not a contractual 'property right.'" *Id.*

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 15

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Kalshi attempts to avoid this commonsense result by citing *Mfrs. & Traders Tr. Co. v. Fidelity Nat'l Title Ins. Co.*, No. 3:12-cv-00744-AA, 2012 WL 5462887, at *4 (D. Or. Nov. 4, 2012)—a case that has nothing to do with removal jurisdiction—wherein the court recited a definition of "title" as "the instrument constituting . . . evidence of the fullest legal right to control and dispose of property." Am. Notice ¶ 20. As an initial point, Kalshi does not and cannot point to any "instrument" demonstrating that it has the "fullest legal right to control and dispose" of its designation status.

More concerningly, however, Kalshi cherry-picked one of *several* dictionary definitions that the district court relied upon—two of which directly reference "real property" and "land"—and withheld the court's ultimate holding, as follows: "The Court finds that the plain and ordinary meaning of the term in question is clear: 'title' refers to the written instrument that constitutes evidence of a party's ownership interest in *real property*." *Id.* at 5 (emphasis added). The one case Kalshi relies upon thus reinforces the conclusion that "title" in section 1442(a)(2) refers to real property.

Moreover, the State's action does not concern Kalshi's designation by the CFTC as a contract market. The State is not, for example, seeking to revoke Kalshi's CFTC registration. As already discussed, the State asserts state law claims only. Kalshi's supposed "property" right as a contract market is thus not at issue in the State's case. The U.S. Supreme Court, rejecting a similar argument that the mere fact of federal regulation alone established a basis for removal cautioned against overly-expansive interpretation of the federal officer removal statute as follows: "A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 16

regulated industries. Neither language, nor history, nor purpose lead us to believe that Congress intended any such expansion." *Watson v. Philip Morris Cos, Inc.*, 551 U.S. 142, 153 (2007) (internal citation omitted).

Second, Kalshi's novel interpretation of § 1442(a)(2) fails for the additional reason that the State's action does not "affect[] the validity of any law of the United States." This element "requires something more than a dispute over the meaning of a federal law." *Carney v. Washington*, 551 F. Supp. 3d 1042, 1053 (W.D. Wash. 2021). Kalshi, however, simply puts forth its preemption arguments, arguing that the CEA preempts state gambling law, and thus provides the CFTC with "exclusive federal regulation." Am. Notice, ¶¶ 23-25. As noted numerous times already, this is a *defense* to the State's claims. The State's claims do not put the "validity" of the CEA or any other federal law at issue. *See Veneruso*, 586 F. App'x at 608 (holding that the plaintiff's action "does not challenge the validity of any federal law" where the plaintiff "merely contends that the various federal statutes and regulations [the defendant] has identified do not provide a defense to [the plaintiff]'s claims that [the defendant] violated New York law.").

In summary, because Kalshi's designation by the CFTC as a contract market is not "property" that Kalshi holds "title" to, and because the State's claims do not affect the validity of the CEA or any other federal law, the Court should reject Kalshi's removal arguments under § 1442(a)(2).

## C.    The Court Should Award the State its Costs and Attorneys' Fees

Under 28 U.S.C. § 1447(c), a district court remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Washington v. CLA Estate Servs., Inc.*, this Court awarded fees and costs to the State, finding

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 17

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

that "[t]he law appears well-settled on these issues and there was no objectively reasonable basis for Defendants to remove the matter." 2018 WL 2057903, at *3; *see also Nat'l Maintenance Contractors*, 2021 WL 3886833, at *4 (finding "no objectively reasonable basis" for removal and awarding fees to the State on remand). The same applies here, where Defendant's nearly identical removal arguments have been repeatedly rejected, including by another district court in the Ninth Circuit. *See* Part II.D., *supra*.

## IV.    CONCLUSION

This Court should be "reluctant to snatch" a case that Washington "brought from the courts of that State, unless some clear rule demands it." *Constr. Laborers Vacation Tr.*, 463 U.S. at 21 n.22. Kalshi's affirmative federal preemption defense does not demand it. Accordingly, the State respectfully requests that the Court grant this Motion to Remand, remand this case to the King County Superior Court of the State of Washington, and, pursuant to 28 U.S.C. § 1447(c), award the State its costs and fees associated with removal.

DATED this 6th day of April, 2026.

NICHOLAS W. BROWN
Attorney General

*s/Andrea Alegrett*
ANDREA ALEGRETT, WSBA No. 50236
JULIA K. DOYLE, WSBA No. 43993
BEN BRYSACZ, WSBA No. 54683
MATT GEYMAN, WSBA No. 17544
SEANN COLGAN, WSBA No. 38769
Assistant Attorneys General
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 18

andrea.alegrett@atg.wa.gov
julie.doyle@atg.wa.gov
ben.brysacz@atg.wa.gov
matt.geyman@atg.wa.gov
seann.colgan@atg.wa.gov
Attorneys for Plaintiff State of Washington

*I certify that this memorandum contains 5,308 words, in compliance with the Local Civil Rule*

PLAINTIFF STATE OF WASHINGTON'S
MOTION TO REMAND
NO. 2:26−cv−01062−JCC - 19

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744