The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

                Plaintiff,

    v.

KALSHIEX, LLC,

                Defendant.

NO. 2:26−cv−01062−JCC

[PROPOSED] ORDER GRANTING PLAINTIFF STATE OF WASHINGTON'S MOTION TO REMAND AND AWARDING STATE ITS COSTS AND FEES

[*King County Superior Court No. 26-2-10264-3 SEA]*

THIS MATTER, having come before the Court on Plaintiff's Motion to Remand (Motion), and the Court having reviewed the foregoing Motion, responses, if any, and being familiar with the records and files herein, the Court hereby finds, concludes and orders as follows:

The State of Washington (Washington), through its Attorney General, filed this *parens patriae* law enforcement action against KalshiEx, LLC (Kalshi) in King County Superior Court. Washington alleges that Kalshi unlawfully markets, offers, and conducts illegal online gambling activities in Washington, in violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86 (CPA), Gambling Act, Wash. Rev. Code § 9.46, and the Recovery of Money Lost at Gambling Act (RMLGA), Wash. Rev. Code § 4.24.070.

[PROPOSED] ORDER GRANTING PLAINTIFF
STATE OF WASHINGTON'S MOTION TO REMAND
AND AWARDING STATE ITS FEES AND COSTS
NO. 2:26−cv−01062−JCC - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

Washington claims that Kalshi operates an online betting platform that allows consumers nationwide, including in Washington, to purchase a "yes" or "no" position on the outcome of various events, including, among other things, sporting events and elections. Complaint ¶¶ 4.1-4.15. If the consumer bets correctly, they receive a payment. If not, they receive nothing. *Id.* ¶ 4.15. Orders and payments are transacted over the internet, using electronic accounts Kalshi maintains for customers on its platform. *Id.* ¶ 4.12. Kalshi earns transaction fees when customers place bets on its platform. *Id.* ¶ 4.13. Kalshi calls the individual betting opportunities on its platform "event contracts," and refers to itself as a "prediction market."

On March 27, 2026, Kalshi removed the action to this federal district court asserting federal question jurisdiction under 28 U.S.C. § 1331, and "federal officer" removal under 28 U.S.C. § 1442(a)(1) and (2). Kalshi alleges that its online platform is an exchange that is designated as a contract market (DCM) by the Commodity Futures Trading Commission (CFTC) pursuant to the Commodity Exchange Act of 1936 (CEA), 7 U.S.C. § 2. Am. Notice ¶ 1. Kalshi claims that all of the activities it conducts on its platform are lawful financial products subject to the exclusive federal jurisdiction of the CFTC under the CEA. Am. Notice ¶ 1. According to Kalshi, Washington's state law claims necessarily raise issues of federal law with respect to the definition of the terms "bets" and "wagers" under the federal Unlawful Internet Gambling Enforcement Act of 2006 ("UIGEA"), 31 U.S.C. § 5361. *Id.* at ¶ 14.

Kalshi also argues that removal is proper under 28 U.S.C. § 1442(a)(2) because its designation as a contract market under the CEA constitutes property derived from the CFTC, and Washington's action affects the validity of the CEA. Am. Notice ¶ 19.

Finally, Kalshi contends that removal is also proper pursuant to 28 U.S.C. § 1442(a)(1) because the CFTC is a necessary party to Washington's action, and its joinder "would create removal jurisdiction." Am. Notice ¶ 27.

Washington moved to remand the matter back to King County Superior Court pursuant to 28 U.S.C. § 1447(c) on the grounds that its claims only raise issues of state law, without

[PROPOSED] ORDER GRANTING PLAINTIFF
STATE OF WASHINGTON'S MOTION TO REMAND
AND AWARDING STATE ITS FEES AND COSTS
NO. 2:26−cv−01062−JCC - 4

implicating or affecting any federal laws, and that Kalshi is a private entity that does not meet the requirements for federal officer removal.

A defendant may remove an action originally filed in state court only if the federal court would have original jurisdiction over the subject matter of the action—including, if the action either raises a federal question or meets the requirements for federal officer removal. 28 U.S.C. §§ 1331, 1442. The removal statute is strictly construed, with a strong presumption in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, the defendant always carries the burden of showing that removal is proper. *Id.*

Here, this Court lacks subject matter jurisdiction, and removal was improper. The State's Complaint, filed in state court, asserts violations of Washington law. It makes no federal claims, cites no federal law, and raises no federal issues. Under the "well-pleaded complaint rule," remand to state court is therefore proper. While Kalshi may raise federal law as a potential affirmative defense, that alone does not justify removal. *Negrete v. City of Oakland*, 46 F.4th 811, 819-20 (9th Cir. 2022) ("it is now settled law that a federal defense to a state law cause of action cannot confer federal question jurisdiction").

Kalshi first argues that removal is proper under the substantial federal question doctrine. Determining whether a claim arises under federal law requires looking at the "'well pleaded' allegations of the complaint and ignore[ing] potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "Thus, a defense that relies on . . . the pre-emptive effect of a federal statute, will not provide a basis for removal." *Id.* (citation omitted). Courts have recognized narrow exceptions to this well-pleaded complaint rule, including the complete preemption doctrine— which Kalshi has advanced in other removed cases but has abandoned here—and the substantial federal question doctrine. Under the substantial federal question doctrine, jurisdiction only arises if "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

[PROPOSED] ORDER GRANTING PLAINTIFF
STATE OF WASHINGTON'S MOTION TO REMAND
AND AWARDING STATE ITS FEES AND COSTS
NO. 2:26−cv−01062−JCC - 5

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744

*Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Where "a claim finds its origins in state rather than federal law," only a "special and small category" of cases exists where substantial questions of federal law are inherently necessary elements of state law claims. *Gunn*, 568 U.S. at 258; *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (only on "rare occasions" does federal question jurisdiction exist for suits containing only state law claims).

Here, there are no federal law issues necessarily raised by the State's claims. Neither the Gambling Act nor the RMLGA reference federal or other non-Washington law. Courts construing terms in these state statutes have looked to state law. *See Kater v. Churchill Downs Inc.*, 886 F.3d 784, 785-86 (9th Cir. 2018); *Larsen v. PTT, LLC*, 737 F. Supp. 3d 1076, 1085 (W.D. Wash. 2024); *Internet Cmty. & Entm't Corp. v. Washington State Gambling Com'n,* 169 Wash. 2d 687, 693-94 (2010). Kalshi's suggestion that undefined terms in Washington law must be defined with reference to federal statutes is unsupported and unworkable. If the absence of a statutory definition in a state law was sufficient to raise an issue of federal law conferring federal subject matter jurisdiction, cases would never be heard in state courts again. Kalshi's theory upends basic jurisdictional principles. *See Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) ("removal jurisdiction ousts state-court jurisdiction and must be rejected if there is any doubt as to the right of removal in the first instance").

Federal question removal here would also disrupt the delicate federal-state balance approved by Congress. *See Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) ("Even where a state law claim does necessarily turn on a substantial and disputed question of federal law, removal is subject to a 'possible veto' where exercising federal jurisdiction is not 'consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331."). The state gambling law claims at issue are a type of regulation historically and inarguably entrusted to the individual states. *See Murphy v.*

[PROPOSED] ORDER GRANTING PLAINTIFF
STATE OF WASHINGTON'S MOTION TO REMAND
AND AWARDING STATE ITS FEES AND COSTS
NO. 2:26−cv−01062−JCC - 6

*Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 484 (2018); *Greater New Orleans Broad. Ass'n, Inc. v. United States*, 527 U.S. 173, 185 (1999); *Ah Sin v. Wittman*, 198 U.S. 500, 505–06 (1905). Furthermore, both the UIGEA and the CEA contain savings clauses expressly preserving application of state laws. *See* UIGEA, 31 U.S.C. § 5362(10)(A) ("unlawful Internet gambling" means placing bets or wagers "unlawful under any applicable Federal or State law . . . ."); CEA, 7 U.S.C. § 2(a)(1)(A) (Except as expressly provided, "nothing contained in this section shall supersede or limit the jurisdiction at any time conferred on" the regulatory authorities or the courts of "any State.")

Removal is also improper under the federal officer removal statute, 28 U.S.C. §1442(a)(1) and (2). Subsection (a)(1) of 28 U.S.C. 1442 authorizes the removal of an action against "[t]he United States or any agency . . . of the United States . . . in an official or individual capacity, for or relating to any act under the color of such office . . . ." To invoke section 1442(a)(1) removal, a state court defendant must show that there was a "causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims." *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). Kalshi argues that removal is warranted because the Commodity Futures Trading Commission (CFTC) is a "necessary party." Kalshi cites no authority for the proposition that failure to name a necessary party in a state court action confers removal jurisdiction on the federal courts. Moreover, the CFTC is not a necessary party here. The State seeks no relief against the CFTC, is not trying to enforce Washington gaming law—or any state law—against the CFTC, and the CFTC does not face any legal exposure from the relief sought by the State.

Kalshi also argues that removal is proper under 28 U.S.C. § 1442(a)(2), a "seldom-invoked federal-title-dispute removal provision." *Veneruso v. Mount Vernon Neighborhood Health Ctr.*, 586 Fed. App'x 604, 608 (2d Cir. 2014). To establish a right to removal under this statute, Kalshi must show both (1) that it is "[a] property holder whose title is derived from [a United States] officer" and (2) that the State's action "affects the validity of any law of the United

[PROPOSED] ORDER GRANTING PLAINTIFF
STATE OF WASHINGTON'S MOTION TO REMAND
AND AWARDING STATE ITS FEES AND COSTS
NO. 2:26−cv−01062−JCC - 7

States." Kalshi's designation as a contract market under the Commodity Exchange Act is not "property" for purposes of removal jurisdiction. Even if it were considered property for removal jurisdiction purposes, the State's action does not concern Kalshi's designation and does not seek to revoke that designation. The fact that Kalshi is a federally-regulated entity does not entitle it to federal jurisdiction whenever it faces state enforcement. *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007). Moreover, the State's action does not "affect[] the validity of any law of the United States." This element "requires something more than a dispute over the meaning of a federal law." *Carney v. Washington*, 551 F. Supp. 3d 1042, 1053 (W.D. Wash. 2021). Kalshi's preemption arguments are a defense to the State's claims. The State's action does not put the validity of the CEA or any other federal law at issue.

The Court observes that it is not the first to remand a case removed by Kalshi on similar grounds. *See State of Nevada ex rel. Nevada Gaming Control Board v. KalshiEX, LLC*, No. 2:26-cv-00406, 2026 WL 579364 (D. Nev. Mar. 2, 2026) (granting remand); *Massachusetts v. KalshiEX LLC*, No. 1:25-cv-12595 (D. Mass. Oct. 28, 2025) (Dkt. 34) (same); *Kentucky Gambling Recovery LLC v. Kalshi Inc.*, No. 3:25-cv-00054, 2026 WL 596107 (E.D. Ky. Mar. 4, 2026) (same); *Ohio Gambling Recovery, LLC v. Kalshi Inc.*, No. 4:25-cv-1573, 2026 WL 865788 (N.D. Ohio Mar. 30, 2026) (same); *see also State Of Nevada ex rel. Nevada Gaming Control Board, v. Blockratize Inc.*, No. 3:26-cv-00089, Dkt. 41 (D. Nev. Mar. 2, 2026) (remanding case against Polymarket).

The only contrary decision to date, *Georgia Gambling Recovery LLC v. Kalshi Inc.*, No. 4:25-cv-310, 2026 WL 279375 (M.D. Ga. Feb. 3, 2026), is inapposite as the underlying Georgia statute in that case required the plaintiff to prove that the challenged contracts were illegal under federal law.

Kalshi has not met its burden of showing that removal to this Court was proper. Moreover, after repeated unsuccessful attempts at removing similar state law claims, Kalshi is aware that removal is not warranted in cases such as these. Given this, the Court hereby orders

[PROPOSED] ORDER GRANTING PLAINTIFF
STATE OF WASHINGTON'S MOTION TO REMAND
AND AWARDING STATE ITS FEES AND COSTS
NO. 2:26−cv−01062−JCC - 8

that:

1.    The State's Motion to Remand is GRANTED, and this matter is hereby remanded to King County Superior Court.

2.    The State's request for attorney fees and costs is GRANTED. Within 14 days of the date of this order, the State shall submit a declaration outlining its costs and fees. This Court retains jurisdiction for the sole purpose of determining the amount that Defendant shall be ordered to pay in fees and costs.

DATED this ___ day of April, 2026.

_____
THE HONORABLE JOHN C. COUGHENOUR

Presented by:

NICHOLAS W. BROWN
Attorney General

*s/Andrea Alegrett*
_____
ANDREA ALEGRETT, WSBA No. 50236
JULIA K. DOYLE, WSBA No. 43993
BEN BRYSACZ, WSBA No. 54683
MATT GEYMAN, WSBA No. 17544
SEANN COLGAN, WSBA No. 38769
Assistant Attorneys General
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
206-464-7744
andrea.alegrett@atg.wa.gov
julie.doyle@atg.wa.gov
ben.brysacz@atg.wa.gov
matt.geyman@atg.wa.gov
seann.colgan@atg.wa.gov
Attorneys for Plaintiff State of Washington

[PROPOSED] ORDER GRANTING PLAINTIFF
STATE OF WASHINGTON'S MOTION TO REMAND
AND AWARDING STATE ITS FEES AND COSTS
NO. 2:26−cv−01062−JCC - 9

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
206-464-7744