THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON,

                Plaintiff,

    v.

KALSHIEX, LLC,

                Defendant.

CASE NO. C26-1062-JCC

ORDER

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 17). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion in part as described below and REMANDS this case to state court.

Plaintiff brought this case in King County Superior Court in an effort to enforce its state gambling laws. (Dkt. No. 1-2.) Defendant timely removed the matter to this Court pursuant to 28 U.S.C. § 1441,[1] citing as the basis for removal federal question jurisdiction. (*See* Dkt. No. 1 at 4–7.) At the time, Defendant contended that the activity described in the complaint, gambling, can only be defined with reference to federal law and that, regardless, the case presents substantial

---

[1] In general, a defendant may remove to federal court a lawsuit which could originally have been brought there. 28 U.S.C § 1441(a). The removing party must establish federal subject matter jurisdiction at the time of removal. *Prize Frize, Inc. v. Matrix Inc.,* 167 F.3d 1261, 1265 (9th Cir. 1999). Absent this, the Court must remand the case (if it lacked subject matter jurisdiction at the time of removal). 28 U.S.C. § 1447(c).

ORDER
C26-1062-JCC
PAGE - 1

federal issues because its market-making activities include (non-gambling) contracts and commodities governed by federal law. (*Id.*) Defendant later amended its notice to also invoke removal authority pursuant to 28 U.S.C. § 1442,[2] arguing that (based on this other activity) the Commodity Futures Trading Commission ("CFTC") is a necessary party here and/or that Defendant is, ostensibly, a holder of property with title derived from the CFTC. (*See* Dkt. No. 3 at 7–11.) In now moving to remand, Plaintiff argues the issues Defendant identified at the time of removal only invoke state law questions and, regardless, this action will not inhibit Defendant's non-gambling CFTC-sanctioned activities. (*See* Dkt. No. 17 at 13–23.) Plaintiff also contends that Defendant had no reasonable basis for removal, warranting an attorney fee award in accordance with 28 U.S.C. § 1447(c). (*Id.* at 23–24.)

As a preliminary matter, the Court sees no obvious affirmative federal question. (*See generally* Dkt. No 1-2.) Thus, removal pursuant to 28 U.S.C. § 1441 is not warranted in accordance with the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As a result, the propriety of removal, at least pursuant to § 1441, depends (inferentially) on whether the case presents a substantial federal issue. *Grable & Sons Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

A substantial federal issue is one that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (citing *Grable*, 545 U.S. 313–14). For myriad reasons, Defendant does not satisfy these requirements. For one, the complaint seemingly only targets activities determined to be gambling under state law, namely conduct described in the Washington Gambling Act, RCW § 9.46, and the Money Lost at Gambling Act, RCW § 4.24.070. (*See* Dkt. No. 1-2 at 18–19.) It is well established that gambling regulation is within a state's police powers (and that states have significant social and

---

[2] Removal pursuant to 28 U.S.C. § 1442(a)(1) is to be "liberally construed" although it is not without "limits." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007).

ORDER
C26-1062-JCC
PAGE - 2

other interests in regulating such activity). *See Murphy v. Natl. Collegiate Athletic Assn.*, 584 U.S. 453, 484 (2018); *Ah Sin v. Wittman*, 198 U.S. 500, 505–06 (1905). Removal, undoubtedly, would disturb the federal-state balance provided by Congress. For this reason (amongst others), there is no substantial federal issue. Given how evident this is, the Court declines to address other *Gunn* requirements.

Moreover, because this is an attempt to enforce a gambling prohibition (and associated consumer protection law), removal pursuant to 28 U.S.C. § 1442 is inappropriate. Nothing in this case suggests Plaintiff is directly attempting to interfere with Defendant's CFTC dealings. (*See generally* Dkt. No. 1-2.) And even if *it were*, Defendant fails to provide the Court with authority for the proposition that a failure to join a necessary Rule 19 party, in and of itself, triggers § 1442(a)(1) removal authority if that party is the United States or its agency. (*See generally* Dkt. No. 21 at 19–21.) Nor is the Court aware of such authority. And Defendant's argument on this issue has been rejected by other courts on similar grounds (albeit not identical). *See, e.g.*, *Nevada ex rel. Nevada Gaming Control Bd. v. KalshiEX*, 2026 WL 579364, slip op. at 5 (D. Nev. 2026). In sum, Defendant provides the Court with no reason to adopt its novel approach here. The Court declines to do so.

Nor is 28 U.S.C. § 1442(a)(2) implicated by Defendant's CFTC dealings. In every instance where courts have applied § 1442(a)(2), they did so in instances where real—not intangible—property was at issue. *See, e.g.*, *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc.*, LLC, 809 F. Supp. 2d 524, 535 (E.D. La. 2011); *Town of Davis v. W. Virginia Power and Transmission Co., Inc.*, 647 F. Supp. 2d 622, 624 (N.D.W. Va. 2007); *Benitez-Bithorn v. Rosello-Gonzalez*, 200 F. Supp. 2d 26, 28–31 (D.P.R. 2002). Again, Defendant provides the Court with no compelling reason to adopt its seemingly novel argument and the Court declines to do so.

At bottom, Defendant cannot establish a proper basis for this Court's subject matter jurisdiction and/or (by extension) a basis for removal of this matter, absent a strained

ORDER
C26-1062-JCC
PAGE - 3

interpretation of existing law.

However, the Court declines Plaintiff's request for attorney fees and costs pursuant to 28 U.S.C. § 1447(c). The Court cannot say with certainty that Defendant lacked an objectively reasonable basis for removal, given (a) the relative novelty of the issues presented by Defendant's market-making activities and (b) the authority Defendant cites to permitting removal (albeit in inapt circumstances), *see Georgia Gambling Recovery LLC v. Kalshi Inc.*, 2026 WL 279375, slip op. at 3 (M.D. Ga. 2026). Thus, such an award is not warranted. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

For the foregoing reasons, Plaintiff's motion to remand (Dkt. No. 7) is GRANTED. Remand is effective 14 days after the date of this order. Each party will bear their own fees and costs.

DATED this 5th day of May 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-1062-JCC
PAGE - 4